UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION

Plaintiff,

v. Civil No. 2:13cv16

EDWARD J. WOODARD, JR.,
CYNTHIA A. SABOL, and
STEPHEN G. FIELDS,

Defendants.

MEMORANDUM ORDER

This matter is before the Court on a motion to lift the stay previously imposed in this case (ECF No. 38), filed by United States Securities and Exchange Commission[1] ("Plaintiff"), and motion to continue the stay (ECF No. 34), filed by defendant Cynthia A. Sabol ("Defendant Sabol"). Additionally, three motions to seal the pleadings associated with the stay motions are currently pending (ECF Nos. 35, 39, and 43). As discussed below, Plaintiff's motion to lift the stay is **GRANTED**, Defendant's motion to continue the stay is **DENIED**, and the motions to seal are **DENIED**.

On March 8, 2013, this Court granted Plaintiff's unopposed motion to stay this civil case based on the concurrent ongoing

[1] The Securities and Exchange Commission will also be abbreviated herein as "SEC," although such general references are not necessarily a reference to the SEC as a litigant in this case.

prosecution and impending criminal trial of defendants Edward J. Woodard, Jr. and Stephen G. Fields ("Defendants Woodard and Fields"). The Court received several status updates from the parties to this case as the criminal case continued, and Defendants Woodard and Fields have now been found guilty by a jury and sentenced in the criminal action. Defendant Sabol was not indicted in the criminal case brought against Defendants Woodard and Fields, and it remains unclear whether criminal charges will be pursued against Sabol in the future.[2]

Subsequent to the sentencing of Defendants Woodard and Fields, Defendant Sabol moved to continue the stay of this case and Plaintiff moved to lift the stay.[3] Sabol's argument for continuing the stay is grounded in the possibility that a federal grand jury may at a later date issue a criminal indictment against her. Sabol's argument relies on the fact that she received a "target" letter from federal prosecutors more than a year ago, and contends that allowing the instant case to proceed would provide Plaintiff an unfair advantage in

---

[2] According to the civil complaint in this case, all three Defendants were "senior executives of Commonwealth Bankshares, Inc." Compl. ¶ 1, ECF No. 1. Defendants Woodard and Fields were criminally prosecuted by the United States in Criminal Docket No. 2:12cr105 based on violations of federal securities laws. See Pl's. Stay Memo 3, ECF No. 21.

[3] The filings before the Court also suggest that Defendant Fields' counsel informed Plaintiff's counsel that Fields opposes lifting the stay until his criminal appeal process has been completed. However, Defendant Fields has not filed a motion seeking such relief nor filed a brief in response to Plaintiff's motion to lift the stay.

the instant litigation because Plaintiff "anticipates being the beneficiary of an adverse inference caused by Ms. Sabol's assertion of her Fifth Amendment privilege against self-incrimination." Def. Sabol Reply 2, ECF No. 47.

**A. Motions Regarding the Stay**

As recognized by several circuits, and recently recognized by the United States Court of Appeals for the Fourth Circuit, "[b]ecause of the frequency with which civil and regulatory laws overlap with criminal laws, American jurisprudence contemplates the possibility of simultaneous or virtually simultaneous parallel proceedings and the Constitution does not mandate the stay of civil proceedings in the face of criminal proceedings." Maryland v. Universal Elections, Inc., 729 F.3d 370, 379-80 (4th Cir. 2013) (internal quotation marks and citations omitted) (emphasis added). "Rather, it is within [district] courts' discretion whether to stay civil cases on this basis." In re Phillips, Beckwith & Hall, 896 F. Supp. 553, 558 (E.D. Va. 1995). As discussed in the briefs currently before this Court, in exercising such discretion, district courts frequently consider the following five factors: "(1) interest of plaintiff in proceeding expeditiously balanced against prejudice to plaintiff caused by delay, (2) burden on defendant, (3) convenience to the court, (4) interests of persons not party to the civil litigation and (5) the public interest." Avalonbay

Communities, Inc. v. San Jose Water Conservation Corp., No. 1:07cv306, 2007 WL 2481291, at *2 (E.D. Va. Aug. 27, 2007). In considering these factors, it is important to note that staying a civil case based on a pending, or imminent, related criminal prosecution is generally viewed as "an extraordinary remedy." Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 98 (2d Cir. 2012).

Having conducted a case-specific consideration of the above factors, the Court finds that the stay should be lifted in this case. Importantly, this case does not involve concurrent criminal and civil proceedings, but instead involves only the potential for the future filing of criminal charges against Defendant Sabol. The Fourth Circuit recently affirmed the denial of a motion to stay civil proceedings in a case where the civil defendants were purportedly "targets" of an ongoing criminal investigation by state authorities, expressly recognizing that "the bulk of judicial authority . . . holds that stays are generally not granted before indictments have issued." Universal Elections, Inc., 729 F.3d at 380. Because there was previously an active, and not speculative, formal criminal prosecution of Defendants Woodard and Fields, this civil matter has already been stayed for nearly ten months and has been pending for almost a year. It goes without saying that an additional stay will substantially prejudice Plaintiff's

interest in proceeding expeditiously as further delays will cause witnesses' memories to fade, will negatively impact the public interest in the SEC's timely and effective policing of securities regulations, and could negatively impact Plaintiff's ability to recover any judgment it may obtain against both Defendants Sabol and Fields.[4] See Sterling Nat. Bank v. A-1 Hotels Int'l, Inc., 175 F. Supp. 2d 573, 579 (S.D.N.Y. 2001) (noting that "in contrast to the speculative and uncertain risks to [the] defendants' interests," because an indictment had not yet issued, "the interest of the plaintiffs in proceeding expeditiously with th[e] litigation" was "pronounced" as the case had already been pending for eight months and discovery was still incomplete). As for convenience of the Court, the primary consideration is for this civil matter to proceed as a unified case to avoid duplication of efforts that would result if Defendant Sabol's case was severed from Defendant Fields' case based on their differing status vis-á-vis criminal charges.

Sabol's best argument for a stay stems from the fact that invocation of her Fifth Amendment privilege may serve to prejudice her defense of this civil matter that is being advanced by a government agency. See Microfinancial, Inc. v.

[4] Defendant Woodard has purportedly indicated an intent to settle this civil matter with Plaintiff. Defendant Fields, however, like Defendant Sabol, has indicated a desire to further delay resumption of civil proceedings.

Premier Holidays Intern., Inc., 385 F.3d 72, 79 (1st Cir. 2004) (discussing the fact that a stay "can protect a civil defendant from facing the difficult choice between being prejudiced in the civil litigation, if the defendant asserts his or her Fifth Amendment privilege, or from being prejudiced in the criminal litigation if he or she waives that privilege in the civil litigation"). However, Sabol's motion to stay "fail[s] to provide the court with any indication that an indictment [i]s imminent." Id. Rather, it only states that she is the "target" of an investigation, a status that she has apparently maintained for more than a year.

"Although the possibility of an indictment may make a defendant[] [in Sabol's] position in civil litigation more precarious, the difficulty is less acute than it would be if an indictment actually existed." Id. Furthermore, the existence of an indictment helps delineate the length of the delay necessary in the civil case, whereas here, Sabol would likely continue seeking a stay of this case as long as the specter for criminal charges remained. See id. ("While pre-indictment stays of parallel civil proceedings occasionally have been granted, an unindicted defendant who argues that going forward with a civil proceeding will jeopardize h[er] Fifth Amendment rights usually presents a much less robust case for such extraordinary relief." (citing S.E.C. v. Dresser Industries, Inc., 628 F.2d 1368, 1376

(D.C. Cir. 1980)) (internal citation omitted); Sterling Nat. Bank, 175 F. Supp. 2d at 577 (noting that pre-indictment, "it is inherently unclear to the Court just how much the unindicted defendant really has to fear," whereas "the delay imposed on the plaintiff is potentially indefinite"). Accordingly, Sabol has failed to demonstrate any special circumstances that would entitle her to the extraordinary relief of a second lengthy stay of this case. See Dresser Industries, 628 F.2d at 1375 ("The SEC cannot always wait for Justice to complete the criminal proceedings if it is to obtain the necessary prompt civil remedy . . . . Thus we should not block parallel investigations by these agencies in the absence of "special circumstances" in which the nature of the proceedings demonstrably prejudices substantial rights of the investigated party or of the government."); S.E.C. v. Brown, No. 06-1213, 2007 WL 4192000, at *4 (D. Minn. July 16, 2007) (denying a motion to stay a civil action brought by the SEC even though the defendants had received a "target letter" from federal prosecutors because no indictment had issued, rendering the motion "at best, premature"). Defendant Sabol's motion to continue the stay is therefore **DENIED**, and Plaintiff's motion to lift the stay and reopen the case is **GRANTED**.

**B. Motions to Seal**

Turning to the pending motions to seal, all three motions are predicated on Defendant Sabol's contention that sealing is appropriate to shield from the public the fact that she is a "target" of a federal criminal investigation. Defendant Sabol, however, fails to identify any case law or other authority suggesting that her status as a "target" of a criminal investigation, which has been pending for over a year, is a private matter sufficient to override the public's interest in open proceedings in this Court. See Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988) (discussing the presumption of public access to judicial records and noting that such presumption can only be rebutted if "countervailing interests . . . outweigh the public interests in access"). Although matters associated with federal criminal investigations, such as the application for a search warrant, are often initially filed as sealed to avoid risk to the police, flight of a suspect, or destruction of evidence, once the existence of such matters is known to their targets, the justification for sealing is eviscerated.

Here, Defendant Sabol has been aware of the criminal investigation for over a year and the public is plainly on notice of the larger criminal investigation and prosecution of other bank officers who worked alongside Defendant Sabol. In

light of the publicity surrounding the criminal trial of such individuals, the fact that Sabol was also identified as a "target" of such criminal investigation on its face appears unremarkable. More compelling to the resolution of these motions, however, is the fact that Sabol has failed to offer any explanation whatsoever as to why concealment of such fact is of such importance that it outweighs the public interest in accessing the many Court filings implicated by her motions to seal.[5] Should this case proceed to a jury trial, and assuming that the target letter has no relevance to the triable issues in this case, Sabol's counsel will have every opportunity to use the voir dire process to ensure an impartial jury with no knowledge of the target letter.

Similar to the above, Defendant Sabol offers no compelling argument for permitting the "withdrawal" of her filings seeking a stay due to the Court's denial of her motions to seal such matters. Permitting such withdrawal would in essence allow Sabol to seek relief in this Court in secret, and would unnecessarily shield from the public this Court's analysis denying the request for another lengthy stay. Accordingly, each of the three pending motions to seal is **DENIED**.

---

[5] Defendant Sabol has simply advanced the bald assertion that she "has a legitimate right to keep the existence, and contents of, the target letter non-public." Def. Sabol Seal Mem. 2, ECF No. 37. Such conclusory statement plainly fails to meet the high standard for sealing mandated by the Fourth Circuit.

### C. Conclusion

In summary, as the previous basis for staying this case (the then ongoing criminal prosecution of Defendants Woodard and Fields) no longer justifies a stay, and because Defendant Sabol has failed to demonstrate that another lengthy stay of this year-old case is appropriate, the Court **GRANTS** Plaintiff's motion to lift the stay and reopen the case (ECF. No. 38), and **DENIES** Defendant Sabol's motion to continue the stay (ECF No. 34). As to the several pending motions to seal, each is **DENIED** as no adequate legal basis for sealing has been presented to the Court (ECF. Nos. 35, 39, and 43).

The Clerk is **DIRECTED** to send a copy of this Memorandum Order to all counsel of record. Additionally, the Clerk is **DIRECTED** to place this case back on the Court's active docket, and to remove the "SEALED" tag on the filings associated with the motions to stay (ECF Nos. 36, 37, 42, 46 and 47).

**IT IS SO ORDERED.**

/s/ MSD
Mark S. Davis
United States District Judge

Norfolk, Virginia
January 6, 2014